**UNITED STATES of America**

v.

**Randy DIXON, also known as Yusef**

Randy Dixon, Appellant.

No. 08–3183.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) July 2, 2010.

Filed: July 6, 2010.

Emily McKillip, Esq., Office of United States Attorney, Philadelphia, PA, for United States of America.

Randy Dixon, Philadelphia, PA, pro se.

Paul A. Sarmousakis, Esq., Avalon, NJ, for Appellant.

Before SLOVITER, BARRY and HARDIMAN, Circuit Judges.

*OPINION*

SLOVITER, Circuit Judge.

Appellant Randy Dixon pled guilty to three counts related to the robbery of a parking lot in Philadelphia. Dixon's counsel filed a brief under *Anders v. Califor-*

*nia,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), seeking to withdraw as counsel. Although "[a] copy of [his] counsel's brief was furnished" to Dixon and he was "given time to raise any non-frivolous arguments in a pro se brief[,]" he did not file a brief arguing that a non-frivolous ground for appeal existed. Appellee's Br. at 19. We will affirm the District Court's judgment and grant counsel's motion to withdraw.

## I.

Dixon, along with two co-conspirators, robbed the owner of a parking lot in Philadelphia, where Dixon was employed. Dixon advised his co-conspirators when the owner was in possession of the proceeds from the previous weekend's business, and, using that tip, Dixon's co-conspirators robbed the owner at gun point and grabbed approximately $16,700. All three conspirators were later apprehended. The judgment states that Dixon pled guilty to conspiracy to interfere with commerce by robbery, interference with commerce by robbery, aiding and abetting those crimes, and using and carrying a firearm during and in relation to a crime of violence.

## II.

Under *Anders,* if, after review of the district court record and a conscientious investigation, counsel is convinced that the appeal presents no issue of arguable merit, counsel may ask to withdraw while filing a brief referring to anything in the record that might arguably support the appeal. 386 U.S. at 741–45, 87 S.Ct. 1396. In an *Anders* case, appellant's counsel must "satisfy the court that he or she has thoroughly scoured the record in search of appealable issues" and then "explain why the issues are frivolous." *United States v. Marvin,* 211 F.3d 778, 780 (3d Cir.2000) (internal citation omitted).

To fulfill our obligation to decide whether to accept counsel's *Anders* brief and permit counsel to withdraw, we review not only the brief itself but the record on appeal, including the colloquy held by the district court to determine whether the guilty plea was entered knowingly and voluntarily, and whether the defendant's waiver of his right to indictment was knowing and voluntary. Here, counsel's *Anders* brief refers us to four arguably non-frivolous issues and explains why each is a frivolous ground for appeal.

### A. District Court's Acceptance of Dixon's Guilty Plea

The first potential argument identified by Dixon's attorney is whether the District Court erred in accepting his guilty pleas. Inasmuch as there was no objection to the plea colloquy from Dixon or counsel, the defendant must show that an error was committed, that the error was clear or obvious, and that the error affected the defendant's substantial rights. *United States v. Goodson,* 544 F.3d 529, 539 (3d Cir.2008) (internal citation omitted) (setting forth plain error standard of review).

Under Federal Rule of Criminal Procedure 11(b)(1),

> [b]efore the court accepts a plea of guilty . . . the defendant may be placed under oath, and the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands, [among other things,] the following:
>
> (A) the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath;

(B) the right to plead not guilty, or having already so pleaded, to persist in that plea; . . .

(E) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;

(F) the defendant's waiver of these trial rights if the court accepts a plea of guilty[;] . . .

(M) in determining a sentence, the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a). . . .

■ Dixon's counsel acknowledges that the District Court failed to advise Dixon of these matters at the plea colloquy and that this was "clear error." Appellant's Br. at 16. We agree. We emphasize the necessity of the District Court's adherence to the requirements of Rule 11, which, as our court has previously held, "is designed to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary." *United States v. Lessner*, 498 F.3d 185, 193 (3d Cir.2007). In *Lessner*, we quoted the Supreme Court's statement that compliance with Rule 11 assists in producing "a complete record at the time the plea is entered of the factors relevant to this voluntariness determination." *McCarthy v. United States*, 394 U.S. 459, 465, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). Nevertheless, we agree that the error did not amount to a violation of Dixon's substantial rights. Dixon admitted that he committed each element of his crimes in open court. Dixon was aware of the charges against him, the penalties that he faced, and the evidence that would be offered against him.

■ To ascertain whether Dixon was prejudiced by the District Court's errors of omission, we focus on whether the defendant can show " 'a reasonable probability that, but for the error, he would not have entered the plea.' " *United States v. Hall*, 515 F.3d 186, 194 (3d Cir.2008) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004)). After reviewing the record, and given that Dixon has not sought to withdraw his plea even after being served with counsel's brief which contained the missing portions of the plea colloquy, we agree it would be frivolous to argue that the error seriously compromised "the fairness, integrity, or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (internal quotations and citation omitted) (describing plain error standard).

### B. *Ineffective Assistance of Counsel*

■ The second and third issues identified by Dixon's counsel relate to potential claims of ineffective assistance of counsel. However, such claims are considered on direct appeal only when the record before the District Court has been sufficiently developed. *See United States v. Thornton*, 327 F.3d 268, 271 (3d Cir.2003) ("It has long been the practice of this court to defer the issue of ineffectiveness of trial counsel to a collateral attack."). We therefore do not reach these issues on this appeal.

### C. *Reasonableness of Sentence*

■ Lastly, Dixon's counsel identifies as a potential argument on appeal that the sentence imposed by the District Court was unreasonable. The District Court imposed on Dixon a sentence of 125 months,

followed by five years supervised release. That term of imprisonment was the lowest within-guidelines sentence the District Court could have imposed. Insofar as district courts are afforded broad discretion in fashioning sentences, *see United States v. Tomko,* 562 F.3d 558, 561 (3d Cir.2009) (en banc), we would have no reason to disturb Dixon's sentence.

### III.

For the foregoing reasons, we agree with counsel that no non-frivolous issues for appeal exist in this case. Accordingly, we will affirm the District Court's judgment of conviction and sentence and grant counsel's motion to withdraw.